Michael J. McCue (Nevada Bar #6055)
*mmccue@lrrc.com*
Jonathan W. Fountain (Nevada Bar #10351)
*jfountain@lrrc.com*
Lewis Roca Rothgerber Christie LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89109
Telephone: (702) 949-8224
Facsimile: (702) 949-8363

Christopher J. Renk
Erik S. Maurer
Michael J. Harris
Aaron P. Bowling
Banner & Witcoff, Ltd.
10 South Wacker Drive, Suite 3000
Chicago, Illinois  60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001
*(Pro Hac Vice to be Submitted)*

Attorneys for Plaintiff, NIKE, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NIKE, INC.<br><br>            Plaintiff,<br><br>       vs.<br><br>FUJIAN BESTWINN (CHINA) INDUSTRY CO., LTD. a/k/a XIAMEN BESTWINN IMP. & EXP. CO., LTD.<br><br>            Defendant. | Case No.:  2:16-cv-00311-APG-VCF<br><br>**TEMPORARY RESTRAINING ORDER AND SEIZURE ORDER** |

Plaintiff, NIKE, Inc. ("NIKE") has moved *ex parte* for a Temporary Restraining Order, Seizure Order, and a Preliminary Injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Patent Act, 35 U.S.C. § 283, and Local Rule 7-5.  NIKE alleges that Defendant

Fujian Bestwinn (China) Industry Co., Ltd. a/k/a Xiamen Bestwinn Imp. & Exp. Co., Ltd. ("Bestwinn") has made, imported into the United States, sold, offered to sell, distributed, promoted, and/or advertised at the WSA@Magic ("WSA") trade show in Las Vegas, Nevada, numerous shoes that infringe U.S. Patent Nos. D636,573, D666,406, D682,523, D683,119, D694,501, D696,853, D700,423, D707,032, and D746,037 (because the infringements that are the subject of this motion generally relate to NIKE's Flyknit footwear designs, the relevant patents are referred to hereafter as the "Flyknit Design Patents").  The Court, having duly considered NIKE's Complaint, Emergency Motion for *Ex Parte* Temporary Restraining Order, Seizure Order, and Preliminary Injunction, and the declaration and exhibits submitted therewith, hereby makes the following findings and conclusions:

1.      NIKE is likely to succeed on the merits of its patent infringement claims.  NIKE is likely to succeed in showing that the Flyknit Design Patents are owned by NIKE, are valid, and are enforceable, and that Bestwinn has imported into the United States, sold, offered to sell, distributed, promoted, and/or advertised shoes bearing designs that infringe the Flyknit Design Patents (the "Bestwinn Flyknit Design Infringements").  At WSA, Bestwinn has identified its Flyknit Design Infringements by model numbers 14260, BW71448, and 14149.

2.      It appears to the Court that Bestwinn is a China-based manufacturer of footwear products that, with the exception of its temporary presence in Las Vegas during the biannual WSA show, does not have a regular place of business or assets in the United States.  Further, over the past four years, Bestwinn has established a pattern of importing into the U.S., selling, and/or offering to sell infringing shoe designs at the WSA show, ignoring NIKE's cease and desist letters, and then promptly leaving the United States.

3.      Absent an *ex parte* temporary restraining order and seizure order, Bestwinn's importation, sale, and/or offers to sell its Flyknit Design Infringements will result in immediate

and irreparable injury to NIKE in the form of loss of control over its valuable intellectual property rights, loss of consumer goodwill, and interference with NIKE's ability to exploit the Flyknit Design Patents.  Further, because Bestwinn has no presence in the United States, it may be difficult or impossible for NIKE to recover a money judgment against Bestwinn.

4. The harm to NIKE in denying the requested temporary restraining order and seizure order outweighs the harm to the legitimate interests of Bestwinn from granting such relief.

5. The public interest weighs in favor of granting NIKE the requested temporary restraining order and seizure order.

6. Bestwinn's Flyknit Design Infringements and materials evidencing Bestwinn's infringements alleged in the Complaint are in Bestwinn's possession at the WSA show currently taking place in Las Vegas, Nevada, but these materials would likely be destroyed, moved, hidden, or otherwise made inaccessible to the Court if NIKE were to proceed on notice to Bestwinn.

**TEMPORARY RESTRAINING ORDER**

IT IS THEREFORE ORDERED that, pending a decision by the Court on NIKE's application for a preliminary injunction, Bestwinn and its officers, agents, servants, employees, and attorneys; and all other persons acting in active concert or participation with any of them, are hereby immediately, temporarily restrained from infringing the Flyknit Design Patents at the WSA show in Las Vegas, Nevada, from February 16-18, 2016.  Specifically, Bestwinn is hereby temporarily restrained from making, using, selling, offering to sell, and importing into the United States footwear designs covered by U.S. Patent Nos. D636,573, D666,406, D682,523, D683,119, D694,501, D696,853, D700,423, D707,032, and D746,037, and colorable imitations thereof.  In addition, Bestwinn is hereby temporarily restrained from transferring, moving, returning,

destroying, or otherwise disposing of any Bestwinn Flyknit Design Infringements except pursuant to the below Seizure Order.

### **SEIZURE ORDER**

IT IS FURTHER ORDERED that Bestwinn's infringing shoe products, records (including computers and electronic evidence) of Bestwinn's sales and offers to sell infringing products, and Bestwinn's promotional display(s), sales equipment, and materials used to facilitate Bestwinn's infringements (collectively, "Materials") shall be seized by the United States Marshals Service, assisted by one or more attorneys or representatives of NIKE, at the booth rented or occupied by Bestwinn at the WSA trade show in Las Vegas, Nevada, during the period of February 16 through 18, 2016. The shoe products that the United States Marshals shall seize are Bestwinn product numbers: 14260, BW71448, and 14149. If NIKE identifies more infringing products, they can petition the Court to amend this Order.

The United States Marshals Service may use all reasonable force in conducting the seizure and may open doors, locks, boxes, brief cases, and containers of any type or nature to locate and identify Materials to be seized. Attorneys and other representatives of NIKE shall accompany the United States Marshals Service during the seizure to identify the Materials to be seized. NIKE's counsel shall itemize and take possession of the seized Materials, provide a copy of the inventory to the United States Marshals Service, and file the inventory with the Court. In addition, NIKE's counsel may record the contents of Bestwinn's booth and Materials by photographic and/or videographic means during the seizure action. The United States Marshals Service shall not retain custody of seized Materials. NIKE agrees to indemnify the United States Marshals Service and hold it harmless from any suit, claim, cause of action, damage, loss, or injury arising from the execution of the seizure described in this Order.

IT IS FURTHER ORDERED that this Order and the Summons and Complaint must be

1  served upon Bestwinn, if found, at the time of the seizure, and by other means reasonably
2  calculated to give Bestwinn notice of this action.

3      IT IS FURTHER ORDERED that, NIKE shall deposit $25,000 with the Clerk of the
4  Court as security for this order.  To the extent Bestwinn believes that additional security is
5  necessary pursuant to Rule 65(c), Fed. R. Civ. P., Bestwinn shall file an application to the Court
6  and provide notice to counsel for NIKE .

7  
8  ////

9      IT IS FURTHER ORDERED that a preliminary injunction hearing is set for
10  __February 29__, 2016, at __9:00__ a.m., in Courtroom _6C_
11  _____, before __the Hon. Andrew P. Gordon__.

12      Bestwinn shall file and serve any opposition to NIKE's motion for a preliminary
13  injunction on or before February __25__, 2016.

15  ////
16  ////
17  ////
18  ////

19  **SIGNED AND ENTERED** this __17th__ day of February, 2016. at __12:00__ p.m.

                                  **UNITED STATES DISTRICT JUDGE**