Michael J. McCue (Nevada Bar #6055)
mmccue@lrrc.com
Jonathan W. Fountain (Nevada Bar #10351)
jfountain@lrrc.com
Lewis Roca Rothgerber Christie LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89109
Telephone: (702) 949-8224
Facsimile: (702) 949-8363

Christopher J. Renk
Erik S. Maurer
Michael J. Harris
Aaron P. Bowling
Banner & Witcoff, Ltd.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001
*(Pro Hac Vice to be Submitted)*

Attorneys for Plaintiff, NIKE, Inc.

**FILED** FEB 29 2016
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NIKE, INC.<br><br>Plaintiff,<br><br>vs.<br><br>FUJIAN BESTWINN (CHINA) INDUSTRY CO., LTD.<br><br>a/k/a<br><br>XIAMEN BESTWINN IMP. & EXP. CO., LTD.<br><br>Defendant. | Case No. 2:16-cv-00311-APG-VCF<br><br>**PRELIMINARY INJUNCTION ORDER** |

On February 17, 2016, Plaintiff NIKE, Inc. moved *ex parte* for a Temporary Restraining Order, Seizure Order, and an Order for Preliminary Injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Patent Act, 35 U.S.C. § 283, and Local Rule 7-5. (Dkt.

Nos. 4, 8.) NIKE alleged that Defendant Fujian Bestwinn (China) Industry Co., Ltd. a/k/a Xiamen Bestwinn Imp. & Exp. Co., Ltd. ("Bestwinn") has made, imported into the United States, sold, offered to sell, distributed, promoted, and/or advertised at the WSA@Magic ("WSA") trade show in Las Vegas, Nevada, numerous shoes that infringe U.S. Patent Nos. D636,573, D666,406, D682,523, D683,119, D694,501, D696,853, D700,423, D707,032, and D746,037 (because the infringements that are the subject of this preliminary injunction generally relate to NIKE's Flyknit footwear designs, the relevant patents are referred to hereafter as the "Flyknit Design Patents").

On February 17, 2016, the Court granted NIKE's Motion for Entry of a Temporary Restraining Order and Seizure Order. (Dkt. No. 9.) Thereafter, NIKE filed a security deposit with the Court, hand-served the Complaint, motion papers, and the Court's Order on Bestwinn at its booth at the WSA show, and seized evidence of infringements from Bestwinn's booth at the WSA show. (Dkt. Nos. 11, 12, 13, 17.) The seized evidence includes, among other things, a laptop, an iPhone, a spiral notebook in which Bestwinn documented its offers to sell infringing shoes at the WSA show, and shoes. (Dkt. Nos. 12, 17.) The seized shoes were only a portion of Bestwinn's inventory and Bestwinn retained for promotion and sales a wide variety of shoe designs not subject to the Temporary Restraining Order and Seizure Order. (Dkt. No. 17.)

NIKE also served courtesy copies of the Complaint, motion papers, and the Court's Order on Bestwinn by electronic mail. (Dkt. No. 17.) Bestwinn acknowledged receipt of the service email from NIKE, and Bestwinn represented in a first responsive email that going forward it "will not sell or development any styles which may involve the NIKE patent." (*Id.*) Shortly thereafter, Bestwinn sent NIKE a second responsive email in which Bestwinn (i) apologized for not responding to NIKE's pre-suit notice letters; (ii) represented that it wants to settle this case with NIKE; (iii) agreed it will not import its accused products into the United States, and (iv) agreed to entry of an injunction with respect to its accused products. (*Id.*) NIKE sent Bestwinn a proposed Stipulated Preliminary Injunction Order. (*Id.*) Bestwinn has not yet substantively responded to NIKE's proposed stipulated order. (*Id.*)

The Court directed Bestwinn to file and serve an opposition to NIKE's motion for a preliminary injunction by February 25, 2016, and to appear for a preliminary injunction hearing on February 29, 2016. (Dkt. No. 9.) Bestwinn failed to serve an opposition.

The Court, having duly considered NIKE's arguments, as well as NIKE's Complaint, Emergency Motion for *Ex Parte* Temporary Restraining Order, Seizure Order, and Preliminary Injunction, and the declaration and exhibits submitted therewith, hereby makes the following findings and conclusions:

1. NIKE is likely to succeed on the merits of its patent infringement claims. NIKE is likely to succeed in showing that the Flyknit Design Patents are owned by NIKE, are valid, and are enforceable, and that Bestwinn has imported into the United States, sold, offered to sell, distributed, promoted, and/or advertised shoes bearing designs that infringe the Flyknit Design Patents (the "Bestwinn Flyknit Design Infringements").

2. Bestwinn has not regularly or consistently identified its Flyknit Design Infringements with distinguishing model numbers. Nevertheless, at WSA, Bestwinn used at least the following model numbers for its Flyknit Design Infringements: 14149, 14260, 14309, BW7100, BW14001, BW71448, L-50255, L-50361, and LD-P287/41.

3. Bestwinn is a China-based manufacturer of footwear products that, with the exception of its temporary presence in Las Vegas during the biannual WSA show, does not have a regular place of business or assets in the United States. Further, over the past two and one half years, Bestwinn has established a pattern of importing into the U.S., selling, and/or offering to sell infringing shoe designs at the WSA show, ignoring NIKE's cease and desist letters, and then promptly leaving the United States.

4. Absent a preliminary injunction pending trial on the merits, Bestwinn's manufacture, use, sales, offers to sell, and/or importation into the United States of Bestwinn Flyknit Design Infringements is likely to result in immediate and irreparable injury to NIKE in the form of loss of control over its valuable intellectual property rights, loss of consumer goodwill, and interference with NIKE's ability to exploit the Flyknit Design Patents. *See, e.g.,*

*NIKE, Inc. v. QiLoo Int'l Ltd.*, No. 2:12–CV–00191–GMN, Dkt No. 29 (D. Nev. Mar. 22, 2012); *NIKE, Inc. v. Meitac Int'l*, No. 2:06-CV-00934-PMP-PA, 2006 WL 3883278 (D. Nev. Oct. 11, 2006). In addition, because Bestwinn has no presence in the United States, NIKE is likely to suffer irreparable harm because it may be difficult or impossible for it to recover a money judgment against Bestwinn. *Id.*

5. The harm to NIKE in denying a preliminary injunction outweighs the harm to the legitimate interests of Bestwinn from granting such relief. Here, Bestwinn's pattern of entering the United States for purposes of selling its Flyknit Design Infringements for a period of just a few days once every six months has hamstrung NIKE's ability to effectively enforce its patent rights. *QiLoo*, No. 2:12–CV–00191–GMN, at Dkt No. 29; *Meitac*, 2006 WL 3883278, *3 (if defendant is not enjoined, "Nike will be severely handicapped in its ability to prevent further importation of infringing products, thereby destroying any potential of preserving the status quo pending a resolution of this case on its merits."). On the other hand, Bestwinn has many non-infringing footwear designs it could sell instead of the Flyknit Design Infringements. *Id.* In view of the foregoing facts, Bestwinn took a calculated risk by returning to the United States to continue selling its Flyknit Design Infringements and the balance of harms tips in NIKE's favor.

6. The public interest weighs in favor of granting NIKE a preliminary injunction because this relief will promote an intellectual property system where rights can be effectively enforced and will protect the public from consumer confusion. *QiLoo*, No. 2:12–CV–00191–GMN, at Dkt. No. 29; *Meitac*, 2006 WL 3883278, *3. Any other result – particularly in view of Bestwinn's failure to oppose this motion – would undermine the public's interest in NIKE's continued incentives to create and invest in the manufacture of ornamental footwear designs.

7. In view of the $25,000 security deposit posted by NIKE, the Court finds that no additional security is required.

## PRELIMINARY INJUNCTION

**IT IS THEREFORE ORDERED** that Bestwinn and its officers, agents, servants, employees, and attorneys; and all other persons acting in active concert or participation with any

of them, are hereby preliminarily enjoined from making, using, selling, offering to sell, and/or importing into the United States any and all products bearing the designs, and colorable imitations thereof, shown in NIKE's United States Design Patent Nos. D636,573, D666,406, D682,523, D683,119, D694,501, D696,853, D700,423, D707,032, and D746,037.

Illustrative examples of Bestwinn's infringing shoes bear model numbers 14149, 14260, 14309, BW7100, BW14001, BW71448, L-50255, L-50361, and LD-P287/41, and are shown in Appendix 1 to this Order. The scope of this injunction applies to all products bearing the designs of the design patents above, including colorable imitations thereof, regardless of any model number associated with the product, or any variations in color, materials, or construction methods.

NIKE shall forthwith serve this Order upon Bestwinn by international courier to its business addresses in China and by email to kevin@bestwinn.com, email@bestwinn.com, and sales@bestwinn.com. Bestwinn is hereby given further notice that it shall be deemed to have actual notice of the issuance and terms of this preliminary injunction and that any act by it in violation of any of the terms hereof may be considered and prosecuted as contempt of this Court.

SIGNED AND ENTERED this 29th day of February, 2016 at 9:05 a.m.

_____
United States District Judge