**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| NIKE, INC., | Case No. 2:16-cv-00311-APG-VCF |
| Plaintiff, | |
| v. | **ORDER GRANTING NIKE'S MOTION FOR ATTORNEY'S FEES** |
| FUJIAN BESTWINN (CHINA) INDUSTRY CO. LTD. a/k/a XIAMEN BESTWINN IMP. & EXP. CO. LTD., | (ECF No. 32) |
| Defendant. | |

I previous granted plaintiff Nike, Inc. default judgement and reasonable attorney's fees, and I ordered it to file the information required by Local Rule 54-16 in support of its fee award amount. ECF No. 30. Nike did so. ECF Nos. 32, 33, 34.

The fees Nike seeks are reasonable and justified. I have considered the factors set forth in *Brunzell v. Golden Gate Nat'l Bank*, 455 P. 2d 31, 33 (Nev. 1969)[1] and in Local Rule 54-14. Nike's lawyers are skilled intellectual property attorneys with significant experience and an excellent rating. Their hourly rates of $455, $325, $235, and $240 are reasonable for lawyers with their respective qualifications in this area of the law.[2]

This was a complicated patent infringement case involving 18 distinct patents and numerous allegedly infringing products. Nike not only pursued general patent infringement claims, but spent significant legal resources successfully seeking emergency injunctive relief. ECF Nos, 4, 6, 8. My review of Nike's counsels' legal bills confirms that the rates charged and

---

[1] Those factors are "(1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived." 455 P. 2d at 33 (citation omitted).

[2] ECF Nos. 34-1 at 11, 33-1 at 2-8.

the time spent on the various tasks were reasonable and appropriate.[3]  Nike is thus entitled to recover $102,649 in attorney's fees.

IT IS HEREBY ORDERED that Nike's motion for attorney's **(ECF No. 32) is GRANTED**.  Nike is awarded $102,649 in attorney's fees.

DATED this 16th day of June, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[3] *See* ECF No. 33 at 2-3; ECF No. 33-1; ECF No. 34; ECF No. 34-1.